# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-0196** |
| **N. BURL CAIN, WARDEN**<br>**LOUISIANA STATE PENITENTIARY** | **SECTION "F"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

# I.     FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Michael Wilson, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On October 19, 1991, Wilson was indicted by a grand jury in Jefferson Parish for the first degree murder of Teresa Pierce while perpetrating an aggravated rape.[3]  Wilson entered a plea of guilty on November 2, 1993, to the amended charge of second degree murder.[4]  After he waived sentencing delays, the state trial court sentenced Wilson to serve life in prison, without benefit of parole, probation, or suspension of sentence.[5]

Wilson's conviction became final five days later, on November 9, 1993, because he did not file a notice of appeal or seek reconsideration of his sentence.  *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[6]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 2 of 8, Indictment, 10/9/91; Grand Jury Return, 10/9/91.

[4]St. Rec. Vol. 2 of 8, Indictment, as amended on 11/2/93; Plea Transcript, 11/2/93; St. Rec. Vol. 4 of 8, Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights Upon Entry of a Plea of Guilty, 11/2/93.

[5]St. Rec. Vol. 2 of 8, Plea Transcript, p.9, 11/2/93.

[6]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal.  *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).  At the time of petitioner's conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

On August 12, 1994, Wilson filed a motion to obtain a copy of the plea and sentencing transcript, which the state trial court granted.[7]  After Wilson filed further inquiries, the transcript was forwarded to him on July 30, 1996.[8]

Three months later, on October 30, 1996, Wilson submitted[9] an application for post-conviction relief, which was filed in the state trial court on November 4, 1996.[10]  Wilson alleged that his plea of guilty was not knowing or voluntary because of ineffective assistance of counsel, setting forth five arguments: (1) counsel failed to request a second sanity commission; (2) he did not receive fair and adequate notice of the amended charge; (3) he was allowed to enter a plea without being advised of the substance of the charge; (4) he was allowed to enter a plea where counsel did not assure a factual basis for the charge; and (5) he was allowed to enter a plea while he was under the influence of mind altering drug, Elavil,[11] which was given to him by the Jefferson Parish Community Correctional Center.

Wilson filed a writ of mandamus with the Louisiana Fifth Circuit Court of Appeal on August 7, 1998, seeking to compel the state trial court to rule on his application for post-

---

[7]St. Rec. Vol. 7 of 8, Motion for Guilty Plea Transcript, 8/12/94; Trial Court Order, 8/26/94.

[8]St. Rec. Vol. 4 of 8, Receipt for Transcript, 7/30/96; Motion to Enforce Mandate, 7/26/96; St. Rec. Vol. 7 of 8, Motion for Guilty Plea Transcript, 10/2/95.

[9]For present purposes, the court will presume that the signature date is the earliest date on which the petitioner could have submitted the pleading to prison officials for mailing to the state trial court.

[10]St. Rec. Vol. 2 of 8, Application for Post-Conviction Relief, signed 10/30/96; St. Rec. Vol. 5 of 8, Mail Receipts, postmarked 11/1/96, received by court 11/4/96.

[11]Elavil is a brand name for amitriptyline, an antidepressant drug which elevates mood by raising the level of neurotransmitters in nerves of the brain.  http://www.medicinenet.com/amitriptyline/article.htm.

conviction relief.[12]  The Louisiana Fifth Circuit denied the application after the trial court could not locate a copy of the pleading in its record.[13]  Wilson filed a second application for writ of mandamus with copies of his certified mail receipts attached.[14]  The Louisiana Fifth Circuit granted this application and instructed the trial court to rule.[15]

On January 15, 1999, the state trial court denied relief in part finding that Wilson's first four arguments were without merit.[16]  The court also determined that, while the application for post-conviction relief was not timely filed under Louisiana law, it felt compelled to consider the merits of the fifth argument regarding the affects of the Elavil. The court scheduled an evidentiary hearing on that issue for February 9, 1999.[17]

On February 12, 1999, Wilson filed a motion for appointment of counsel and a motion for funds for an expert to assist at the evidentiary hearing.[18]  On April 6, 1999, the state trial court denied both motions as moot noting that the evidentiary hearing had already been held

---

[12]St. Rec. Vol. 5 of 8, 5th Cir. Order, 98-KH-839, 9/3/98.  The record does not contain a copy of the writ application.  The filing date of August 7, 1998, appears on the face of the court's order and has been confirmed with the clerk of court's office for the Louisiana Fifth Circuit.

[13]*Id.*

[14]St. Rec. Vol. 5 of 8, 5th Cir. Writ Application, 98-KH-1336, 12/17/98 (postmarked 12/15/98).

[15]St. Rec. Vol. 5 of 8, 5th Cir. Order, 98-KH-1336, 1/5/99.

[16]St. Rec. Vol. 7 of 8, Trial Court Order, 1/15/99.

[17]*Id.*

[18]St. Rec. Vol. 5 of 8, Motion for Appointment of Counsel, 2/12/99; Motion to Provide Funds for Expert Assistance, 2/12/99.

and indicating that Wilson had been recharged on March 24, 1999, in a different section of the court.[19]

Thereafter, on April 20, 1999, Wilson filed a motion to quash the "new" grand jury indictment as untimely lodged under the statute of limitations.[20]  After ordering a response from the State, the state trial court denied the motion to quash.[21]  In doing so, the court determined that it had not held a hearing on February 9, 1999, nor had Wilson been recharged.  The Court also reset the evidentiary hearing on the post-conviction Elavil issue.  The court later granted Wilson's motion to appoint an expert and denied as moot his request for counsel.[22]

After the evidentiary hearing held on November 13, 2000, the state trial court denied the final claim in Wilson's application for post-conviction relief finding no merit to the argument that his counsel was ineffective or that his plea was impacted by the Elavil.[23]

In the meantime, on October 13, 2000, Wilson filed a second motion to quash the indictment.[24]  On February 2, 2001, the state trial court denied the motion as untimely noting

---

[19]St. Rec. Vol. 5 of 8, Trial Court Order, 4/6/99; Trial Court Order II, 4/6/99.

[20]St. Rec. Vol. 5 of 8, Motion to Quash Grand Jury Indictment,

[21]St. Rec. Vol. 5 of 8, Trial Court Order, 5/30/00; *see also*, Opposition to Motion to Quash Indictment, 5/22/00.

[22]St. Rec. Vol. 5 of 8, Minute Entry, 10/12/00; Motion for Appointment of Counsel, 7/12/00; Motion to Provide Funds for Expert Assistance, 7/12/00.

[23]St. Rec. Vol. 5 of 8, Minute Entry, 11/13/00; St. Rec. Vol. 6 of 8, Hearing Transcript, 11/13/00.

[24]St. Rec. Vol. 6 of 8, Motion to Quash Grand Jury Indictment, 10/13/00.

that such a motion should have been filed before trial.[25] The court also granted Wilson's request for a free copy of the post-conviction hearing transcript.[26] The record indicates that the transcript was provided to Wilson on May 16, 2001.[27]

Thereafter, on May 23, 2001, Wilson submitted a notice of intent with the state trial court seeking a return date to file for review of the trial court's prior post-conviction ruling.[28] On July 9, 2001, the trial court denied the request because the notice of intent was not timely filed within 30 days of the trial court ruling as required by La. App. Rule 4-3.[29] Although Wilson alleges that he sought reconsideration of this ruling, the record does not contain any filings of that nature.[30]

Over five months later, on December 28, 2001, Wilson submitted an untimely[31] writ application which was filed by the Louisiana Fifth Circuit on January 8, 2002.[32] Wilson raised two grounds for relief: (1) his plea was unknowing and involuntary and he received

---

[25]St. Rec. Vol. 6 of 8, Trial Court Order, 2/2/01.

[26]St. Rec. Vol. 6 of 8, Trial Court Order II, 2/2/01; Motion to Proceed In Forma Pauperis, 12/12/00; Motion for Production of Verbatim Transcript, 12/12/00.

[27]St. Rec. Vol. 6 of 8, Receipt for Transcript, 5/16/01.

[28]St. Rec. Vol. 6 of 8, Notice of Intent, 5/29/01 (signed 5/23/01).

[29]St. Rec. Vol. 6 of 8, Trial Court Order, 7/9/01.

[30]*See*, St. Rec. Vol. 8 of 8, 5th Cir. Writ Application, 02-KH-27, p.6, 1/8/02 (postmarked 1/3/02); Rec. Doc. No. 8, State's Response.

[31]Petitioner had 30 days from issuance of the trial court's order to file for review in the Louisiana Fifth Circuit. La. App. Rule 4-3; La. Code Crim. P. art. 922.

[32]St. Rec. Vol. 8 of 8, 5th Cir. Writ Application, 02-KH-27, 1/8/02 (postmarked 1/3/02).

ineffective assistance of counsel; and (2) the trial court erred in denying the motion to quash the indictment as untimely. The Louisiana Fifth Circuit denied the application on January 9, 2002, finding "no error in the trial court's ruling of August 29, 2001 on relator's Application for Post Conviction Relied."[33] The record does not contain a ruling by the trial court on that date.

Almost two months later, on March 5, 2002, Wilson mailed an untimely[34] writ application to the Louisiana Supreme Court.[35] The court denied the application without reasons on February 14, 2003.[36]

## II. FEDERAL HABEAS PETITION

On February 9, 2007, Wilson filed a petition for federal habeas corpus relief in this court raising two grounds for relief:[37] (1) the state courts erroneously applied state law and/or made rulings contrary to clearly established federal law when the trial court erred in holding that petitioner's plea of guilty to second degree murder was voluntarily and knowingly made, and that his court appointed counsel rendered ineffective assistance; and (2) the state courts erroneously applied state law and/or made rulings contrary to clearly established federal law

---

[33]St. Rec. Vol. 8 of 8, 5th Cir. Order, 02-KH-27, 1/9/02.

[34]Petitioner had 30 days from issuance of the appellate court's order to mail or file a writ application in the Louisiana Supreme Court. La. S. Ct. Rule X§5; La. Code Crim. P. art. 922.

[35]The record does not contain a copy of this writ application, No. 02-KH-656. Wilson claims that he submitted the application on February 6, 2002. Rec. Doc. No. 1, Memorandum, p.9. However, the postmark date provided by the clerk of that court was March 5, 2002. Either way, the submission is untimely.

[36]*State ex rel. Wilson v. State*, 836 So.2d 126 (La. 2003); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2002-KH-0656, 2/14/03.

[37]Rec. Doc. No. 1.

when the trial court erred in denying his motion to quash the grand jury indictment. The State filed a response in opposition to the petition, arguing that the petition should be dismissed as untimely under federal law.[38]

## III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[39] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA therefore applies to this petition, which, for reasons discussed below, is deemed filed in this federal court on January 10, 2004.[40]

---

[38]Rec. Doc. No. 8.

[39]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[40]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Wilson's petition was filed by the clerk of court on February 9, 2007, when the filing fee was paid three years after this Court denied Wilson's application to proceed *in forma pauperis*. Wilson signed the petition on January 10, 2004. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002) (mailbox rule applies even if inmate did not pay the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). As noted above, the State has raised the defense that the petition is not timely filed.

## IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[41]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Wilson's conviction became final on November 9, 1993, when he did not appeal or seek

---

[41]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

reconsideration of his sentence. Therefore, under a literal application of the statute, Wilson had until November 9, 1994, to file his federal habeas corpus petition, which he did not do.

However, the Fifth Circuit has granted habeas petitioners one year after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. *Flanagan*, 154 F.3d at 200; *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999). The court in "*Flores* concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan*, 154 F.3d at 200 (citing *Flores*, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id.* (citing *Flores*, 135 F.3d at 1005).

Because Wilson's conviction became final before the AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997. Wilson is deemed to have filed his federal petition on January 10, 2004, almost seven years after the allowable grace period, and it must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner

has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

Wilson has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in prior decisions. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. *Flanagan*, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. *Duncan*, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

*Flanagan*, 154 F.3d at 199 n.1; *accord Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); *Gray v. Waters*, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural

filing requirements,'" such as timeliness and location of filing. *Pace*, 544 U.S. at 414

("When a postconviction application is untimely under state law, 'that [is] the end of the

matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th

Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*,

209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for

purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.

*Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state

collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20

(2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes

until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings

challenging the pertinent judgment subsequently challenged in the federal habeas petition.

*Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging

a prior conviction in one county was other collateral review even though filed as a challenge

to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip opinion

at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").

A "pertinent judgment or claim" requires that the state filings for which tolling is sought

must have challenged the same conviction being challenged in the federal habeas corpus

petition and must have addressed the same substantive claims now being raised in the federal

habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Wilson's case on April 27, 1996, the day after the AEDPA became effective. The limitations period ran uninterrupted for 186 days, until October 30, 1996, when Wilson submitted his application for post conviction relief to the state trial court.

The tolling calculation is not affected by Wilson's efforts to obtain a copy of his plea and sentencing transcript before filing his application for post-conviction relief in 1996. Wilson's claim in the application for post-conviction relief addressed the voluntariness of his guilty plea based on his counsel's performance. This claim was not dependant upon the transcript, nor was the transcript necessary to support the arguments he presented in the claims. *See Brown v. Cain*, 239 F.3d 365 (5th Cir. Nov. 7, 2000) (Table, Text in Westlaw) (no abuse of discretion in rejecting equitable tolling for delayed receipt of transcript where transcript was not relevant to the claim raised); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript which was not required to file the application does not warrant equitable tolling). Wilson was present at each phase prior to and during the plea process, and he was aware that he had taken medication prior to the plea hearing. Wilson has not demonstrated that the plea transcript was necessary for him to pursue his post-conviction claim. Thus, he has shown no basis for either statutory or equitable tolling, while he pursued the transcript.

Wilson's application for post-conviction relief remained pending in the state trial court, and the one-year grace period remained tolled, through December 13, 2000. This was thirty days after the trial court denied the final claim in that application and Wilson did not

14

timely seek review in the Louisiana Fifth Circuit under La. Uniform App. R. 4-3 and La. Code Crim. P. art. 922.[42]  The one-year grace period began to run again on December 14, 2000, and did so uninterrupted for 179 days, until June 10, 2001, when it expired.  Wilson had no properly filed state post-conviction or other collateral review pending during that period.

The tolling calculation is not affected by Wilson's filing of his second motion to quash the indictment on October 13, 2000.  The state trial court deemed this filing improper because it could only have been properly filed prior to trial.[43]  Also, for reasons similar to those set forth above, Wilson receives no tolling for the time he pursued a copy of the post-conviction hearing transcript.

Furthermore, even if Wilson were afforded the benefit of additional tolling for any of these periods, his federal petition is still untimely.  The record reflects that Wilson allowed another 730 days to pass between January 9, 2002, the date on which his untimely Louisiana Fifth Circuit writ application was denied, and January 10, 2004, when his federal petition is deemed to have been filed.

Wilson also is not entitled to any tolling for the pendency of the untimely Louisiana Supreme Court writ application submitted during this period on March 5, 2002 and denied on February 14, 2003.  That filing was untimely under La. S. Ct. R. X§5(a) because it was postmarked and filed more than 30 days after the Louisiana Fifth Circuit ruled on Wilson's

---

[42]*See* footnote 31, p.7.

[43]St. Rec. Vol. 6 of 8, Trial Court Order, 2/2/01.

writ application.  *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).  Under federal habeas corpus law, this untimely filing <u>cannot</u> be considered in the tolling calculation.  (La. S. Ct. R. X§5(a) forbids any extension of time); *Williams v. Cain*, 217 F.3d at 309-11 (same); *McGee v. Cain*, 104 Fed. Appx. 989, 991 (5th Cir. 2004) (same).  Nevertheless, even if this period is excluded or tolled, Wilson allowed another 329 days to lapse between the Louisiana Supreme Court's ruling on February 14, 2003, and the signing of his federal petition on January 10, 2004.  This time combined with the other periods described above lead to no other conclusion than the untimeliness of Wilson's federal petition.

Affording Wilson every benefit, over the course of his post-conviction pursuits, he allowed over 1000[44] days to pass without having a properly filed state application for post-conviction relief or other collateral review before he filed this federal habeas petition.  After his conviction became final, Wilson therefore allowed more than one year to lapse without any properly filed and pending state proceeding and without having filed a timely federal petition for habeas corpus relief.  Thus, his petition must be dismissed as time-barred.

---

[44]Based on the state court record summarized in the procedural history, this time is comprised at least in part of the following periods:  186 days from on April 26, 1996 (the effective date of the AEDPA) to October 30, 1996 (submission of the application for post-conviction relief);  179 days from December 13, 2000 (30 days after denial  of the application for post-conviction relief) and June 10, 2001; and/or 730 days between January 9, 2002 (denial of last Louisiana Fifth Circuit writ application) to January 10, 2004 (signing of the federal petition).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that the petition of Michael Wilson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __6th__ day of January, 2009.


LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE